**ZHOU MING NI, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 06–4335–ag.

United States Court of Appeals, Second Circuit.

May 7, 2007.

Chun W. Wong, New York, N.Y., for Petitioner.

Michael J. Sullivan, U.S. Atty. for the District of Massachusetts, Michael Sady, Asst. U.S. Atty., Boston, Mass., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhou Ming Ni, a native and citizen of China, seeks review of an August 28, 2006 order of the Board of Immigration Appeals ("BIA") denying his second motion to reopen. *In re Zhou Ming Ni*, No. A73 627 312 (B.I.A. Aug. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ The regulations state that individuals may file only one motion to reopen, 8 C.F.R. § 1003.2(c)(2), and there is no dispute that Ni has filed two motions to reopen with the BIA. The regulations also state that motions to reopen must be filed within 90 days of issuance of the "final administrative decision." *Id.* The BIA dismissed Ni's appeal in December 1996 and denied his first motion to reopen in December 1999, yet he did not file his second motion to reopen until April 2006, well beyond the 90–day filing deadline. Accordingly, the BIA did not abuse its discretion in finding that Ni's second motion was untimely and numerically barred. The regulations provide for several exceptions to the 90–day filing deadline and numerical limitation, but only the changed circumstances exception of 8 C.F.R. § 1003.2(c)(3)(ii) is at issue here.

■ The regulations further require that the movant offer evidence that was material and "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(2), (3)(ii). In this case, Ni did not provide any explanation as to why the family planning registration card, which was issued in 1985, was not presented at the former hearing. He also did not provide any explanation as to why the photographs, allegedly depicting his family's home being destroyed by the Chinese government, were not available at the time of his original hearing. He stated only that these documents were not presented "for whatever reason." Thus, the BIA did not abuse its discretion in finding Ni's explanation was insufficient to conclude that these pieces of evidence were new. In addition, the BIA did not err in declining to consider them as part of its analysis of whether there had been changed circumstances in China.

■ As the BIA noted, the notice from the police brigade indicates that it was issued in 2005, well after Ni's hearing before the IJ, but the BIA was entitled to conclude that the notice, even if reliable, was insufficient to show a recent change in circumstances in China, rather than a continuation of events over the past decade. Although the notice indicates that Ni's asylum application is viewed as damaging to China's reputation, there is no indication that this view represents a change in China's reaction to asylum applications. Moreover, in deciding a motion to reopen the BIA is entitled to conclude that an alien cannot bootstrap his claim to eligibility for asylum by showing that his home country does not think well of asylum applications.

■ For the first time in his brief, Ni argues that he would be forcibly sterilized

upon return to China. He failed to raise this argument in his motion to the BIA, and this Court lacks the authority to consider it. *See* 8 U.S.C. § 1252(d)(1); *see also e.g., Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006). In addition, it is unclear why he believed this to be the case or how there were any changed circumstances that created this fear.

■■ Ni does not make any arguments regarding the BIA's decision not to exercise its *sua sponte* reopening authority, and this argument is considered waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). Even if he had challenged it, however, this Court lacks the authority to review the BIA's decision to decline to exercise its *sua sponte* powers. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).